IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL LEE MOORE and　　　　　　　　　:
EUGENE HENDRICKS,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　: Civ. No. 11-549-LPS
　　　　　　　　　　　　　　　　　　　　:
STATE OF DELAWARE, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　　:

---

Daniel Lee Moore, New Castle, Delaware, Pro Se Plaintiff.

Eugene Hendricks, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 18, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

**I.  INTRODUCTION**

Plaintiff Daniel Lee Moore ("Moore") of New Castle, Delaware, filed this civil action on June 21, 2011. (D.I. 2) He appears *pro se* and has paid the filing fee.[1]

**II.  BACKGROUND**

Moore alleges that, beginning in 1997, Defendants subjected him to experimental advanced weapon technology that enabled operators to subject individuals to electronic harassment. The system allegedly enabled an operator to cause people to experience "voice to skull hearing, which is also called microwave hearing which bypasses the ears allowing sounds and voices to be received by the skull." Moore contends the system was activated by guards at the Howard R. Young Correctional Center (formerly known as Gander Hill Prison) in Wilmington, Delaware. The mind control weapons system purportedly has the capability to influence and alter the normal thought processes of whomever is targeted without the knowledge of such individuals, by making these individuals believe that the voice being heard is their own thought, thereby coercing the individuals into doing something they would not do under normal circumstances.

Moore seeks compensatory and punitive damages and injunctive relief.

---

[1] Moore was incarcerated within the Delaware Department of Correction from 1997 until 1999. *See Moore v. State of Delaware*, Civ. No. 04-1396-JJF (D. Del. July 27, 2005). Moore is not an attorney. Regardless, he filed the instant Complaint on his behalf and on behalf of Plaintiff Eugene Hendricks ("Hendricks'"), an inmate currently incarcerated at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. Hendricks did not sign the Complaint and has taken no action in the case.

III. **STANDARD OF REVIEW**

A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); *see also Degrazia v. Federal Bureau of Investigation*, 316 F. App'x 172 (3d Cir. Mar. 12, 2009) (not published) (claims that meet *Hagan* standard were properly dismissed *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(1)).

IV. **DISCUSSION**

The Complaint is "devoid of merit" and presents a frivolous lawsuit containing allegations that are wholly fanciful, unbelievable, and which fail to state a claim for which relief can be granted. Even though Moore may believe that his factual allegations are "real," this does not preclude dismissal on the basis of frivolity. Other courts have arrived at the same difficult conclusion concerning similar allegations. *See, e.g., Christian v. Moore*, Civ. No. 10-302-FDW-DSC, 2010 WL 3418390, at *1-2 (W.D.N.C. Aug. 30, 2010); *Calhoon v. San Diego Police Dep't*, Civ. No. 10-1629 WQH (POR), 2010 WL 3184254, at *1-2 (S.D. Cal. Aug. 10, 2010); *Hix v. Bush*, Civ. No. 10-12366, 2010 WL 2560446, at *1 (E.D. Mich. June 16, 2010); *Lignell v. Catholic Church*, Civ. No. 09-1151-CW-PMW, 2010 WL 2521452, at *3-5 (D. Utah May 6, 2010).

In addition, the claims are barred by reason of claim preclusion. Moore filed a lawsuit raising claims of experimental mind control technology in this Court in 2004. *See Moore v. State*

*of Delaware*, Civ. No. 04-1396-JJF (D. Del.). The Complaint was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on July 25, 2005. (*Id.* at D.I. 24) Dismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits for *res judicata* purposes. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981); *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir. 2007).

This Court may dismiss, *sua sponte*, claims barred by *res judicata* or claim preclusion. *See King v. East Lampeter Twp.,* No. 02-2122, 69 F. App'x 94 (3d Cir. July 2, 2003) (not published) (affirming district court's *sua sponte* dismissal of complaint on grounds of *res judicata* and collateral estoppel); *Hawkins v. Risley,* 984 F.2d 321, 324 (9th Cir. 1992). "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *In re Continental Airlines, Inc.,* 279 F.3d 226, 232 (3d Cir. 2002). Hence, Moore may not relitigate the claims currently raised. This lawsuit is barred under the doctrines of *res judicata* or claim preclusion.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Court will dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker,* 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order follows.